# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 21-cv-24243-BLOOM/Otazo-Reyes

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FABRICE POLYNICE,
HAROLD SIDO, and
VERONISE SIDO,

    Defendants.
_____/

## ORDER ON MOTION TO STRIKE

**THIS CAUSE** is before the Court upon Plaintiff United States of America's ("Plaintiff" or "Government") Motion to Strike the Answer of Harold Sido, ECF No. [23] ("Motion"). The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

Defendant was served with the Summons and Complaint on January 11, 2022. ECF No. [10]. Defendant failed to file a response to the Complaint within twenty-one (21) days after service, on or before February 1, 2022. On February 2, 2022, the Court entered an Order on Default Procedures, ECF No. [11], requiring Defendant to file a response to the Complaint on or before February 9, 2022. Defendant failed to do so. On February 10, 2022, the Government filed its Motion for Clerk's Entry of Default. ECF No. [13]. On February 11, 2022, a Clerk's Default was entered against Defendant. ECF No. [14]. Defendant did not move to set aside the Clerk's Default. On February 14, 2022, Defendant filed an Answer which stated generally that he "has nothing to do with" the radio equipment referenced in the Complaint. ECF No. [16] ("Answer"). Defendant did not admit or deny the factual allegations contained in the Complaint, including allegations

concerning prior warnings and the operation of an unlicensed radio station between 2012 and 2016. *See id.* On March 14, 2022, the Government filed the instant Motion, seeking to have the Answer stricken because "[w]here a party has been held in default, that default cannot be cured simply by the filing of an untimely answer." ECF No. [23] at 2.

The Court agrees with the Government. As the Government correctly notes, "it is the law that once a default is entered, a defendant on default has no further standing to contest the factual allegations of plaintiff's claim for relief." ECF No. [23] at 2 (quoting *Caribbean Produce Exchange v. Caribe Hydro-Trailer, Inc.*¸ 65 F.R.D. 46, 48 (D.P.R. 1974) (citing *Thomson v. Wooster,* 114 U.S. 104 (1885))); *Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333, n.7 (8th Cir. 1988). Furthermore, when a defendant is in default, the defendant is deemed to have admitted all well-pleaded allegations in the complaint. *Id*. In this case, given the existence of the prior default, Defendant has no standing to contest the factual allegations as set forth in the Complaint and no standing to file his untimely answer. In addition, the Government's case against Defendant is not premised upon his ownership of the radio equipment, but rather his provision of a facility, electricity, and internet service for the operation of the unlicensed radio station after multiple warnings. *See* ECF Nos. [1] ¶ 71, [23] at 3. The Answer fails to deny these factual allegations. *See* ECF No. [16]. Therefore, the substance of the Answer, or the lack thereof, further supports striking the pleading.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [23]**, is **GRANTED**.

2. The Answer, **ECF No. [16]**, is **STRICKEN**.

3. The Government shall file a Motion for Default Final Judgment in accordance with the Court's Order on Default Judgment Procedure, ECF No. [15], by no later than **March 28, 2022**.

Case No. 21-cv-24243-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 14, 2022.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Harold Sido
910 NE 131st Street
North Miami, FL 33161

Veronise Sido
910 NE 131st Street
North Miami, FL 33161