UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-24243-BLOOM/Otazo-Reyes

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FABRICE POLYNICE,
HAROLD SIDO, and
VERONISE SIDO,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR DEFAULT FINAL JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff United States of America's ("Plaintiff" or "Government") Motion for Default Final Judgment, ECF No. [25] ("Motion"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

Defendants Harold Sido and Veronise Sido (collectively, "Defendants" or "Sidos") were personally served with the Summonses and Complaint on January 11, 2022. ECF Nos. [9], [10]. Defendants failed to respond to the Complaint within 21 days after service and were then ordered to file a response to the Complaint by February 9, 2022. ECF No. [13]. Defendants failed to file a timely response, and a Clerk's Default was entered as to both Defendants on February 11, 2022. ECF No. [14].

Section 301 of the Communications Act of 1934, as amended ("Act") prohibits the operation of any apparatus to transmit radio signals, except under and in accordance with the Act. Section 503(b) of the Act (47 U.S.C. § 503(b)) provides that any person whom the Federal

Communications Commission (FCC) determines to have willfully or repeatedly failed to comply with the provisions of Chapter 5, Title 47 of the United States Code (including 47 U.S.C. § 301) or any rule, regulation, or order issued by the FCC shall be liable to the United States for a forfeiture penalty. Any forfeiture penalty imposed under Section 503(b) is subject to *de novo* review. 47 U.S.C. § 504(a) ("[A]ny suit for the recovery of a forfeiture imposed pursuant to the provisions of this chapter shall be a trial de novo . . . .").

Willful, when used with reference to the commission or omission of any act, means the conscious and deliberate commission or omission of such an act, irrespective of any intent to violate any such provision. 47 U.S.C. § 312(f)(1). A violation is repeated if committed more than once, and continuous if committed for more than one day. 47 U.S.C. § 312(f)(2). In determining the amount of a forfeiture penalty, appropriate considerations include the nature, circumstances, extent, and gravity of the violation and, with respect to the violator, the degree of culpability, any history of prior offenses, ability to pay, and such other matters as justice may require. 47 U.S.C. § 503(b)(2)(E).

All well pleaded allegations of fact contained in the Government's Complaint have been admitted by virtue of Defendant's Default. *Caribbean Produce Exchange v. Caribe Hydro-Trailer, Inc.*, 65 F.R.D. 46, 48 (D.P.R. 1974) (citing *Thompson v. Wooster*, 114 U.S. 104 (1885)); *Taylor v. City of Ballwin, Mo.,* 859 F.2d 1330, 1333, n.7 (8th Cir. 1988).

On at least ten (10) occasions between March 14, 2012, and December 6, 2016, Defendants were in operation of radio broadcasts at a strength exceeding that permitted without a license. ECF No. [1] ¶¶ 19, 23, 31, 42, 50. On March 14, 2012, Defendants were warned in writing that their unlicensed operation of the station at their residence violated the Act. *Id.* ¶ 22. On July 5, 2012, after observing several additional violations, the U.S. Marshals executed a warrant at the Sidos'

residence and seized the radio equipment that was used for the unauthorized transmissions. *Id.* ¶ 24.

Undeterred by the seizure, the illegal broadcast facilitated by the Sidos had resumed by January 22, 2015, and continued on August 17, 2015. *Id.* ¶ 31. After a verbal warning from the FCC agents, Defendant Veronise Sido acknowledged that the antenna was on her property, and the agents observed coaxial cables and a power supply running to the shed, which previously housed the radio equipment that was seized in July of 2012, and heard electrical equipment operating from that location. *Id.* ¶¶ 32-38. The Sidos received two additional written warnings from the FCC in 2015 regarding the broadcasts detected in that year. *Id.* ¶ 31. After the verbal warning, and after having received two additional written warnings, the broadcast continued from the Sidos' property. Agents for the FCC again detected illegal broadcasts on August 26, 2015, and June 7, 2016. *Id.* ¶ 42.

On December 6, 2016, agents from the FCC returned and again determined that an illegal broadcast on 90.1 MHZ was originating from the Sidos' residence. *Id.* ¶¶ 50-52. The agents knocked on the Sidos' door, but the Sidos did not answer for ten (10) minutes. *Id.* ¶¶ 53-54. The agents again viewed the backyard, and they observed the antenna mast and antenna coaxial cable. *Id.* ¶ 56. Shortly after making contact with the Sidos, and observing their property, the agents determined that the illegal broadcast had been taken off the air, demonstrating that the Sidos were in control of the means of the broadcast. *Id.* ¶ 65.

Section 1.80 of the FCC's Rules provides the amounts of forfeiture penalties the FCC may impose for violations. 47 C.F.R. § 1.80. The base amount of a forfeiture penalty for operation without an instrument of authorization is $10,000.00, which at the time assessed also carried a statutory maximum of $144,344.00 for a single act or failure to act. *See* 47 U.S.C. § 503(b)(2)(D);

47 CFR § 1.80(b)(7) (2017) (indicating that the maximum penalty for violations of 47 U.S.C. § 503(b)(2)(D) after the 2017 inflation adjustment is $144,344.00).

Defendants Harold Sido and Veronise Sido willfully and repeatedly violated Section 301 of the Act. Given the repeated violations and their continued operation of a radio station in violation of the Act after multiple written and verbal warnings, an upward adjustment and the imposition of the statutory maximum for a single act or failure to act are warranted and justified.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [25]**, is **GRANTED**.

2. Separate judgment shall enter against Defendants Harold Sido and Veronise Sido, jointly and severally, and in favor of Plaintiff the United States of America in the amount of $144,344.00 plus costs in the sum of $155.74, for a total of $144,499.74.

3. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 21, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Harold Sido
910 NE 131st Street
North Miami, FL 33161

Veronise Sido
910 NE 131st Street
North Miami, FL 33161