UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-24243-BLOOM/Otazo-Reyes

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FABRICE POLYNICE,
HAROLD SIDO, and
VERONISE SIDO,

    Defendants.
_____/

**ORDER DENYING MOTION TO SET ASIDE AND
VACATE DEFAULT AND DEFAULT FINAL JUDGMENT**

**THIS CAUSE** is before the Court upon Defendants Harold Sido ("Mr. Sido") and Veronise Sido's ("Mrs. Sido") (collectively, "Defendants") Motion to Set Aside and Vacate Default and Default Final Judgment, ECF No. [30] ("Motion"). Plaintiff United States of America ("Plaintiff" or "Government") filed a Response in Opposition, ECF No. [31] ("Response"). To date, Defendants have not filed a Reply. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise duly advised. For the reasons that follow, the Motion is denied.

**I.    BACKGROUND**

On December 2, 2021, the Government filed its Complaint against Defendants, seeking to enforce a Forfeiture Order against Defendants for their violation of the Communications Act of 1934, 47 U.S.C. §§ 151-63 ("Communications Act"). *See* ECF No. [1]. Defendants were served with the Complaint on January 11, 2022. *See* ECF Nos. [9], [10]. Defendants failed to respond to the Complaint by the applicable February 1, 2022 deadline. As such, the Court directed Defendants

to respond to the Complaint on or before February 9, 2022. *See* ECF No. [11]. When Defendants failed to respond by the extended deadline, the Government moved for a Clerk's Entry of Default, *see* ECF No. [13], and a Clerk's Default was entered against both Defendants on February 11, 2022, *see* ECF No. [14].

On February 14, 2022, Mr. Sido filed an untimely Answer. *See* ECF No. [16] ("Answer"). The Government filed a Motion to Strike the Answer of Harold Sido, ECF No. [23] ("Motion to Strike"), because the Answer was procedurally improper and failed to properly admit or deny the factual allegations contained in the Complaint. The Court granted the Motion to Strike, striking Mr. Sido's Answer. *See* ECF No. [24]. On March 21, 2022, the Government filed a Motion for Default Final Judgment, *see* ECF No. [25], which the Court also granted, *see* ECF No. [26]. Default Final Judgment was entered against Defendants on March 23, 2022. *See* ECF No. [27].

In the instant Motion, Defendants seek to vacate the Default Final Judgment pursuant to Fed. R. Civ. P. 55(c) and 60(b). *See* ECF No. [30]. Defendants submit that they have a meritorious defense, granting their Motion will not prejudice the Government, and they had good reason for failing to respond to the Complaint. *See id.* at 7. Moreover, Defendants submit that the length of any delay was short and that they acted in good faith. *See id.* The Government responds that Defendants have not established good cause for their failure to respond and they have not established a meritorious defense. *See* ECF No. [31].

## II.     LEGAL STANDARD

Fed. R. Civ. P. 55(c) states that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." In turn, Fed. R. Civ. P. 60(b)(1) states that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect[.]" To establish

mistake, inadvertence, or excusable neglect under Rule 60(b)(1), a defaulting party must show that: "(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *Florida Physician's Ins. Co. v. Ehlers,* 8 F.3d 780, 783 (11th Cir. 1993).

### III. DISCUSSION

#### a. Lack of a Meritorious Defense

First, Defendants argue that they have a meritorious defense because they did not intentionally provide support for an illegal radio station. *See* ECF No. [30] at 2. They also assert that they only learned that the radio station operator – Fabrice Polynice ("Mr. Polynice") – was using their property to conduct illegal acts when the Government raided and seized Mr. Polynice's equipment on July 5, 2012. *See id.* Since then, Defendants contend that they have not allowed Mr. Polynice to use their property for any reason. *See id.* With regard to the Forfeiture Order, Defendants argue that their joint liability for a fine of $144,344.00, plus costs, is excessive and violates their rights under the Eighth Amendment of the United States Constitution. *See id.*

The Government responds that Defendants fail to set forth a meritorious defense. *See* ECF No. [31] at 6-10. According to the Government, intentional conduct is not required for liability under the Communications Act. *See id.* at 6-7. A penalty may be imposed for any "willful" failure to comply with the Communications Act. *See id.* "[T]he term 'willful,' when used with reference to the commission or omission of any act, means the conscious and deliberate commission or omission of such act, *irrespective of any intent to violate* any provision of this chapter or any rule or regulation of the Commission authorized by this chapter . . . ." 47 U.S.C. § 312(f)(1) (emphasis added). In this case, the Complaint alleges, and the record evidence establishes, that there were several notices informing Defendants of the unauthorized operation of an illegal radio station on

their property, which were signed by Defendants. *See id.* at 7-8. Thus, according to the Government, the Government need only establish that Defendants permitted the illegal radio broadcast on their property, and the record evidence amply establishes as much. With regard to the Forfeiture Order, the Government argues that the forfeiture assessed against Defendants falls within the statutory range. *See* 47 U.S.C. § 503(b)(2)(D). Section 503(b)(2)(D) authorizes a forfeiture against Defendants of up to $19,246.00 for each day of a continuing violation, up to a statutory maximum of $144,344.00, for a single act or failure to act, adjusted for inflation. *See* ECF No. [31] at 8.

The Court agrees with the Government. The bar for stating a meritorious defense for Rule 60(b)(1) purposes is low: "the 'likelihood of success is not the measure' . . . [i]nstead, it is sufficient where a Defendant has provided by clear statements a 'hint of a suggestion' that his case has merit." *Rodriguez v. Brim's Food, Inc.,* No. 13-CV-20600, 2013 WL 3147348, at *3 (S.D. Fla. June 19, 2013) (citations omitted); *see also Argoitia v. C & J Sons, LLC,* No. 13-62469-Civ, 2014 WL 1912011, at *2 (S.D. Fla. May 13, 2014) ("[T]he proper measure is whether Defendants have provided by 'clear statements' a 'hint of a suggestion' that their defenses have merit." (citation omitted)). Even applying this low standard, Defendants have failed to set forth a colorable argument for a meritorious defense.

First, even if the Court were to assume that Defendants did not intentionally provide support for an illegal radio station, as the Government correctly argues, intent to violate the Communications Act is not required for liability under the Communications Act. *See* 47 U.S.C. § 312(f)(1). The Government need only establish that Defendants willfully violated the Communications Act. *See id.* In this case, it is undisputed that Mr. Sido agreed to receive payments from Mr. Polynice to operate an illegal radio station on their property. *See* ECF No. [30-2] ¶ 4.

The record evidence further establishes that the Government provided repeated warnings to Defendants, notifying them of the unlicensed operation of a radio station on their property before and after July 5, 2012, when the Government seized the radio equipment on their property. *See* ECF Nos. [31-2] at 10-11 (August 5, 2009 warning signed by Mr. Sido), 12-13 (August 7, 2009 warning directed to Mrs. Sido), 14-15 (March 14, 2012 warning directed to both Defendants that Defendants "refused to sign"); [1-11] (March 6, 2015 warning signed by Mrs. Sido) ; [1-12] (August 17, 2015 warning "left with [Mrs. Sido]"); [1-14] (December 13, 2016 warning directed to both Defendants). In light of the record evidence indicating that Defendants were repeatedly notified of the violation, Defendants have not put forth any meritorious defense that Defendants did not willfully violate the Communications Act.

Second, with respect to Defendants' excessive fines argument, the Government points out that the fine falls within the statutory range. *See* 47 U.S.C. § 503(b)(2)(D). Further, as the Government persuasively argues, the Eleventh Circuit has held that "[b]ecause Congress is a representative body, its pronouncements regarding the appropriate range of fines for a crime represent the collective opinion of the American people as to what is and is not excessive. Given that excessiveness is a highly subjective judgment, the courts should be hesitant to substitute their opinion for that of the people." *United States v. 817 N.E. 29th Drive, Wilton Manors, Fla,* 175 F.3d 1304, 1309 (11th Cir. 1999). In keeping with Eleventh Circuit precedent, the Court declines to substitute its opinion regarding the excessiveness of fines for that of the people. The Court further notes that the D.C. Circuit has upheld the imposition of the maximum statutory fine against an unlicensed radio operator who had challenged the fines as excessive. *See Grid Radio v. FCC*, 278 F.3d 1314, 1322 (D.C. Cir. 2002).

As such, Defendants fail to set forth a meritorious defense that would justify the Court vacating the Default Final Judgment. This alone defeats Defendants' argument. *See Florida Physician's Ins. Co.* 8 F.3d at 783 (holding that to establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), a defaulting party must show that: "(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; *and* (3) a good reason existed for failing to reply to the complaint" (emphasis added)).

### b. Lack of Good Cause for Failing to Respond

Though the Court need not continue its analysis, the Court addresses Defendants' argument that there was good cause for failing to respond to the Complaint. Defendants claim that Mrs. Sido was unaware of the Complaint and that she entrusted Mr. Sido to make decisions on her behalf because she has health issues. *See* ECF No. [30] at 5. Mr. Sido claims that he did not know how to respond to the Complaint until he retained counsel. *See id.* Defendants also note that they speak English as a second language. *See id.* at 2. The Government responds that Defendants do not provide a specific reason for their delays despite repeatedly being served with notices from the Government and Orders from the Court informing Defendants of their failure to respond to the Complaint. *See* ECF No. [31] at 5.

The Court agrees with the Government. With regard to Mrs. Sido, the record indicates that Mrs. Sido did not respond to the Complaint despite several notices.[1] Any argument that she was unaware of the lawsuit or the violation is belied by the record evidence, including at least one written warning about the illegal radio broadcast *signed by Mrs. Sido*, *see* ECF No. [1-11], proof of service of the Complaint and summons, *see* ECF No. [9], and service of the Court's Order

---

[1] Mr. Sido filed an Answer on behalf of himself only. *See* ECF No. [16]. Furthermore, because Mr. Sido is not a lawyer, he cannot represent Mrs. Sido or file an answer on her behalf.

regarding her failure to respond, *see* ECF No. [11]. In addition, any language barrier or unspecified "health issues" do not constitute good cause for failing to respond because Mrs. Sido had a significant length of time in which to consider and respond to the repeated service of legal documents. *See S.E.C. v. Johnson,* 436 F. App'x. 939, 945 (11th Cir. 2011) (holding that when "a litigant has been given ample opportunity to comply with court orders but fails to effect any compliance, the result may be deemed willful.").

With regard to Mr. Sido, the record establishes that he failed to timely respond to the Complaint, *see* ECF No. [16], and the Motion does not set forth why he was delayed in filing his Answer. *See generally* ECF No. [30]. The Eleventh Circuit has held that "[i]t is important to know exactly when certain actions were taken, and what delays existed before or after those actions." *See Sloss Industries Corp. v. Eurisol*, 488 F.3d 922, 935 (11th Cir. 2007). As such, simply stating that he was unaware of how to respond to the Complaint until he retained counsel and that he speaks English as a second language, without more, does not excuse his delay.[2] Mr. Sido has failed to explain what caused the delay in filing his untimely Answer even after the Court *sua sponte* granted an extension of time and what caused the nearly two-month delay between the time the Court entered Default Final Judgment, ECF No. [27], and when his counsel filed the instant Motion, ECF No. [30]. The fact that Mr. Sido has failed to set forth any specific reason for the repeated delays and any actions he took in the interim indicates that there was no good cause for his delay.[3]

---

[2] The Answer suggests that Mr. Sido's English language skills are sufficient to comprehend the allegations in the Complaint.

[3] The same reasoning also applies to Mrs. Sido's delays. Further, as noted above, even if Defendants had set forth specific, justified reasons for their repeated delays, Defendants' Motion is still unavailing because the Motion fails to set forth a meritorious defense.

As such, Defendants fail to establish good cause that would justify the Court vacating the Default Final Judgment. This too defeats Defendants' argument.[4]

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion, **ECF No. [30]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 29, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[4] The Court need not address the prejudice prong given the Court's determination that there is no meritorious defense or good cause for the delay. *See Florida Physician's Ins. Co. v. Ehlers,* 8 F.3d 780, 783 (11th Cir. 1993).